UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MYRA GUILBEAU | § | |
| | § | |
| vs. | § | C.A. NO. 4:19-cv-03628 |
| | § | (JURY) |
| STATE FARM LLOYDS | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff Myra Guilbeau ("Guilbeau" or "Plaintiff") and Defendant State Farm Lloyds ("State Farm") submit the following Joint Discovery Case Management Plan under Fed. R. Civ. P. 26(f), pursuant to the Court's Order issued on September 26, 2019.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties conferred by email and conference calls on November 26, 2019 and November 27, 2019, and December 2, 2019. Shane McClelland attended for Plaintiff. Lauren Herrera attended for Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Plaintiff assert causes of action against State Farm based upon the handling of Claim number 53-1277-G57 for damage to the insured's property located at 1422 Sweet Grass Trail, Houston, Texas due to Hurricane Harvey. Plaintiff seeks damages based on her allegations of a breach of the insurance contract and violations of the Insurance Code and DTPA.

   Defendant denies breaching any duty to Plaintiff, contractual or otherwise, and denies liability for any damages claimed by Plaintiff in this lawsuit.

4. **Specify the allegation of federal jurisdiction.**

   This case was removed to Federal Court by Defendant based upon diversity jurisdiction. Plaintiff is a citizen of the State of Texas. State Farm Lloyds is an unincorporated association of underwriters and none of the underwriters are citizens of the State of Texas.

Therefore, complete diversity of citizenship exists between Plaintiff and Defendant. Plaintiff has not contested removal to this Court.

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties agree to complete initial disclosures by January 10, 2020, because 14 days after the Rule 26 Conference falls during a time when Plaintiff's counsel is out of the country on a pre-paid family vacation, and the parties agreed to this date.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    Pursuant to this Court's Order for Conference Paragraph 5, the court will enter a scheduling order at the conference with the dates/deadlines for the following:

    1. Joinder of New Parties
    2. Experts (Plaintiff)
    3. Experts (Defendant)
    4. Amendments to Pleadings
    5. Discovery Deadline
    6. Motions Deadline

      7. Joint Pretrial Order

      8. Trial

The parties presently believe that the subjects on which discovery may be needed include the scope and cause of alleged damage to Plaintiff's property, the extent to which State Farm Lloyd's policy affords coverage in favor of Plaintiff for the alleged damages, the claim handling of Defendant, the extent to which Plaintiff sustained damages as a result of the claim handling of the Defendant, the reasonableness of Defendant's handling of Plaintiff's claim, and the substance of any expert testimony.

The parties have no issues regarding disclosure or discovery of electronically stored information. All electronically stored information will be produced in searchable PDF format or hard copy. The parties agree to service of discovery materials and other any other documents by email pursuant to Fed. R. Civ. P. 5(b)(2)E.

**B.**    **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to Defendant before the close of discovery.

**C.**    **When and to whom the defendant anticipates it may send interrogatories.**

Defendant will send written discovery to Plaintiff before the close of discovery.

**D.**    **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing a State Farm corporate representative, State Farm's adjuster, any State Farm expert witness, necessary fact witnesses revealed during discovery, and any necessary rebuttal witnesses.

Plaintiff anticipates that she will conclude these depositions by the close of discovery.

**E.**    **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the deposition of the Plaintiff and any individuals the who Plaintiff hired to inspect the property, as well as, any other fact witnesses disclosed by Plaintiff.

Defendant anticipates it will conclude depositions by the close of discovery.

**F.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule**

        **26(a)(2)(B) (expert report).**

        Plaintiff will depose expert witnesses retained by Defendant 60 days before the end of discovery.

- **G. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

        Defendant will depose expert witnesses retained by Plaintiff 30 days before the end of discovery.

- **H. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26 (a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

        Plaintiff anticipates designating her experts with the required reports no later than Plaintiff's expert designation deadline set by the court.

        Defendant anticipates designating experts with the required report no later than Defendant's expert designation deadline set by the court.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

The parties believe discovery can be completed by September 2020.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff would like to mediate this case. Defendant objects to mediation as State Farm Lloyds has made a Rule 68 Offer of Judgment.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Counsel for the parties met and discussed the case and had an informal settlement conference that was ultimately unsuccessful. Thereafter, State Farm made a Rule 68 Offer of Judgment.

Plaintiff would like to get this case resolved soon to avoid unnecessary additional use of court time and resources and to avoid the parties expending additional expenses and time involved in discovery and trial.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Plaintiffs believe mediation to be the most effective alternative dispute resolution technique in this case. Defendant (State Farm Lloyds) has made a Rule 68 Offer of Judgment and does not anticipate that other alternative dispute resolution techniques will be effective.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Plaintiff agrees to trial by magistrate. Defendant does not agree to a trial by a magistrate.

18. **State whether a jury demand has been made and if it was made on time.**

    A timely jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff believes that she can present her case-in-chief in 2 days. Defendant believes that it can present its case-in-chief in 2 days.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None at this time.

**23.** **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order of Conference and Disclosure of Interested Persons, listing the date of the filing for the original and any amendments.**

**Plaintiff filed her Disclosure of Interested Parties on November 21, 2019. Defendant filed its Disclosure of Interested Parties on October 8, 2019.**

**24.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Shane McClelland
Federal Bar No. 642324
State Bar No. 24046383
LAW OFFICE OF SHANE MCCLELLAND, PLLC
440 Cobia Drive, Suite 101
Katy, Texas 77494
Telephone: (713) 987-7107
Facsimile: (832) 827-4207
Shane@hmtrial.com
*Attorney for Plaintiff*

Dale M. "Rett" Holidy
Federal Bar No. 21382
State Bar No. 00792937
rholidy@germer.com
Lauren N. Herrera
Federal Bar No. 3174150
State Bar No. 24092720
lherrera@germer.com
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
*Attorneys for Defendant*

**AGREED and APPROVED BY:**

*/s/ Shane McClelland (w/permission)*     12/2/19
SHANE MCCLELLAND     Date
COUNSEL FOR PLAINTIFF


_____     12/2/19
DALE M. "RETT" HOLIDY     Date
COUNSEL FOR DEFENDANT